IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Nelson Colon <u>Debtor</u> | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) <u>Movant</u> vs. | NO. 16-10044 ELF |
| Nelson Colon <u>Debtor</u> Antoinette Ortiz <u>Co-Debtor</u> | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller, Esq. <u>Trustee</u> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,585.01,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | September 2016 to October 2016 at $416.00/month<br>November 2016 to October 2017 at $427.00/month<br>December 2017 at $419.00/month |
| Late Charges: | $179.01 ($10.53 each from August 2016 through December 2017) |
| Motion for Relief Fees & Costs: | $1,031.00 |
| **Total Post-Petition Arrears** | **$7,585.01** |

2. The Debtor(s) shall cure the aforesaid arrearage in the following manner:

   a). Debtor(s) shall modify the Chapter 13 Plan to provide for payment of the post-petition arrears of **$7,585.01** through the Plan, plus the pre-petition arrears, and within fifteen (15) days of the court order granting and/or approving of this Stipulation, Debtor(s) shall file any motions and other documents necessary under the court rules to accomplish said Plan modification;

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,585.01** along with the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2018 and continuing thereafter, Debtor(s) shall maintain, and pay when due, the regular post-petition contractual monthly mortgage payment of $419.00 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor(s) provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders), but not credited, Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay and codebtor stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date: 1/18/2018

By: _____
Kevin G McDonald
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 1/11/18

_____
BRADLY E. ALLEN, ESQUIRE
Attorney for Debtor(s)

**NO OBJECTION**

Date: 1/18/2018

_____
William C. Miller
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

Approved and SO ORDERED by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Hon. Eric L. Frank
Chief Bankruptcy Judge